OPINION OF THE COURT
Charles E. Ramos, J.
The plaintiff makes this application for treble damages and attorney’s fees under the Truth-in-Storage Act (General Business Law § 605 et seq.). This application arises out of a suit wherein the court awarded compensatory damages in the sum of $3,000 against the defendant for its loss of two coffee tables which it had stored pursuant to a storage contract with the plaintiff.
According to UCC 7-204 (1): “(1) A warehouseman is liable for damages for loss of or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful man would exercise under like circumstances but unless otherwise agreed he is not liable for damages which could not have been avoided by the exercise of such care.” This section of the UCC makes it quite clear that a warehouseman is liable for damages for loss of injury to goods stored with him if the loss is occasioned by his negligent act or omission. The general rule regarding damages under the UCC is that one who suffers some loss due to *745 the improper performance of another’s duty is to be put in as good a position as if that other party had fully and properly performed. (UCC 1-106 [1].)
Ordinarily recovery against a warehouseman is governed exclusively by the UCC. However, the Truth-in-Storage Act (General Business Law § 605 et seq.) provides for the award of treble damages and attorney’s fees in certain situations. General Business Law § 609 provides as follows:
“Private right of action
“1. Any consumer bailor damaged by an unlawful detention of his goods or any other violation of this article may bring an action for recovery of damages and the return of his goods. Judgment may be entered in an amount not to exceed three times the actual damages plus reasonable attorneys fees.” (Emphasis added.)
The pertinent language here identifies those who may recover under this statute to be consumer bailors who have been damaged either by unlawful detention of their goods or by other violations of this act. In order to trigger the penalties of treble damages and attorney’s fees, a number of things must occur. In the first instance, there must be damage to the property of the consumer bailor. If the damage is caused by unlawful detention, then clearly, the penalties apply.
But what result if the damages do not flow from unlawful detention, but the warehouseman did violate the act by failing to disclose?
In the present case, though it is quite clear that the defendant violated sections of this act in failing to meet the disclosure requirements set forth therein, it is equally clear that the plaintiff was not “damaged” by such violations. Rather it was the defendant’s negligence in failing to exercise such care, in regard to the items stored, as a reasonably careful man would exercise under like circumstances that effectuated the plaintiff’s loss.
Under these circumstances, there being no causal relationship between the violation and the damage, the relief requested would appear inappropriate. To hold otherwise, would be to impose liability for treble damage and attorney’s fees in circumstances where although there was a loss, the loss was not caused by a violation of this act.
If the Legislature had intended that warehousemen bear such a burden, that intent is not apparent from the act itself or its legislative history.
*746 Thus, it is apparent that the Truth-in-Storage Act is not applicable here. Plaintiff’s recovery is limited to the actual damages already awarded.
Accordingly, the plaintiff’s application is denied.